Case 8.                        - Commonwealth *vs.* Spraggins.

FORFEITED RE-                    APPEAL FROM MARION CIRCUIT.
COGNIZANCE.

The right of the attorney for the commonwealth to twenty per cent. of a recognizance in criminal cases, where the same is forfeited, accrues upon the rendering of judgment thereon, not before; and the governor has the constitutional power of remitting the forfeiture before judgment. (*Constitution, art. 3, sec.* 10.)

[The facts of the case are stated in the opinion of the court.—REP ]

*James Harlan, Attorney General,* for appellant—

The two records form but one case. The question presented for the decision of this court is, whether a remittance by the Governor, of a forfeited recognizance, pending an action to recover the amount thereof, defeats the Commonwealth's Attorney of his portion given to him by law which is 20 per cent. (*Rev. Stat. page* 247.)

"When any law gives an Attorney for the Commonwealth a part of what is recovered in a prosecution, the part so given shall be held to be his fee in that case." (*Rev. Stat. page* 134.)

The question upon which the opinion of this court is desired is, whether the remission of the Governor of the forfeited recognizance carries with it the whole recognize or only four-fifth's thereof?

The circuit court was of the opinion, and so decided, that the whole amount was embraced by the Governor's remission except the ordinary costs, and I insist that was an erroneous construction of the law.

Dec. 10, 1857.      Judge STITES delivered the opinion of the court.

This was a proceeding in behalf of the commonwealth against the appellee upon a forfeited recognizance. While pending, and before judgment, the Governor granted two respites, extending time to the

defendants, and finally remitted the recognizance, "except fees and costs."

This remission was set up in the answer, and no other defense relied on; and upon hearing the circuit court rendered a judgment in behalf of the commonwealth for "all costs and fees," but debarred and precluded it from recovering the residue of the recognizance. From this judgment the commonwealth has appealed.

The constitution declares that the Governor "shall ' have no power to remit the fees of the clerk, sheriff, ' or Commonwealth's Attorney, in penal or criminal ' cases." (*Constitution*, art. 3, sec. 10.)

The Revised Statutes (*chap.* 4, *art.* 4, *sec.* 4,) provides, that "when the law gives an Attorney for the ' Commonwealth a part of what is recovered in a ' prosecution, the part so given shall be held to be his ' fee in that case." And, *chapter* 28, *art.* 1, *sec.* 24, further declares that Attorneys for the Commonwealth shall be entitled, as fees for their services, to "twen- ' ty per cent. of all *judgments* upon forfeited recog- ' nizances in favor of the commonwealth."

Here the proceeding to enforce the payment of the recognizance had been commenced, but no judgment was rendered when the remission was made, and the question is presented whether such remission of the recognizance before judgment interferes with any rights of the officers of the law, as to fees and costs accrued when made.

It is contended by the Attorney General that the right of the Commonwealth's Attorney of the district to twenty *per cent.* of the amount of the recognizance, as a fee for his services, vested upon the commencement of the proceeding to enforce its collection, and that the judgment should have been rendered for that proportion of the recognizance, notwithstanding the remission, and also that the Governor had no power, pending the suit, to remit the whole of the recognizance, except the fees and costs that had then actually accrued.

COMMONWEALTH *vs.* SPRAGGINS.

The right of the attorney for the Commonwealth to twenty per cent. of a recognizance in criminal cases, where the same is forfeited, accrues upon the rendering of judgment thereon, not before; and the governor has the constitutional power of remitting

the forfeiture
before judgm't.
*Constitution, art.*
*3, sec.* 10.

The remission expressly excepts "fees and costs," and fully regards and protects the rights of the officers of the law.

The right to the twenty *per cent.* only accrues upon "judgments upon forfeited recognizances." Until the obtention of judgment the law gives no part of the amount of the recognizance to the Commonwealth's Attorney as a fee, or as compensation for his services, and no right of his has been invaded.

The Governor has the power to remit fines and forfeitures, and has exercised that power in this case by the remission of the recognizance, except "fees and costs." The exception must be regarded as only applying to such fees and costs as had then accrued; and, as the twenty *per cent.* allowance had not accrued, and could only have accrued upon the obtention of judgment on the recognizance, it consequently was not embraced by the exception.

The judgment pursues the mandate of remission, and is not, that we are able to perceive, in anywise erroneous.

.Judgment *affirmed.*